## DEMOREST *v.* GENESEE COUNTY EMPLOYEES' RETIREMENT COMMISSION.

1. COUNTIES—EMPLOYEES' RETIREMENT SYSTEM—CONSTRUCTION OF ACT—PRIOR SERVICE.

   Provision of county employees' retirement act stating employees who "have been so employed for not less than 25 years" is intended to apply as of the date of the completion of the required years of service by reasonable implication whether in the past or in the future (PA 1851, No 156, § 12a, as amended by PA 1945, No 68).

2. SAME—CIRCUIT COURT STENOGRAPHER—RETIREMENT SYSTEM.

   Plaintiff, circuit court stenographer, *held*, a "member" of county retirement system, within the definition of such term, as made by amendatory acts, and entitled to prior service credit as granted by ordinance of board of supervisors for service rendered prior to effective date of amendatory act including him as a member, notwithstanding he and his assistants had been

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 40 Am Jur, Pensions § 26.
[3] See, generally, 14 Am Jur, Costs § 29 *et seq.*

paid in a lump sum for their services for a part of the prior service period (PA 1851, No 156, § 12a, as amended by PA 1945, No 68).

3. COSTS—PUBLIC QUESTION—CONSTRUCTION OF STATUTE—CIRCUIT COURT STENOGRAPHERS—COUNTY RETIREMENT SYSTEM.

No costs are allowed in case involving the construction of statute and ordinance to determine whether a circuit court stenographer was a member of county employees' retirement system, a question of public importance being involved (PA 1851, No 156, § 12a, as amended by PA 1943, No 249, and PA 1945, No 68).

Appeal from Genesee; McDonald (Archie D.), J., presiding. Submitted February 23, 1955. (Docket No. 20, Calendar No. 46,350.) Decided June 6, 1955.

Certiorari by Harry Demorest to Genesee County Employees' Retirement Commission to review order of commission denying credit for his claimed length of service. Judgment for plaintiff reversing order. Defendant appeals. Affirmed.

*Neithercut & Neithercut (William A. Neithercut, of counsel)*, for plaintiff.

*John G. David*, Genesee County Corporation Counsel, for defendant.

REID, J. On leave granted by the circuit court, plaintiff filed a petition for writ of certiorari against the defendant Genesee county employees' retirement commission, by which petition plaintiff sought as employee of Genesee county, Michigan, an order of the circuit court (in effect) reversing and declaring irregular and improper, a finding by the defendant that,

"2. He (Harry Demorest) cannot be given credit for service prior to April 6, 1945, and consequently

will not have 10 years of service credit until April 6, 1955."

The defendant had also found, July 11, 1949 (as reported to plaintiff's attorney by J. H. Galliver, secretary and member of defendant commission), that,

"1. Mr. Harry Demorest is a member of the Genesee county employees' retirement system, beginning with the effective date of the retirement system."

Plaintiff was appointed and qualified as the official stenographer of the seventh judicial circuit of Michigan in 1900, which position he occupied until January 17, 1949, when he resigned said commission. After January 17, 1949, he acted under the commission of Governor Albert Sleeper which was issued on September 1, 1917. The seventh judicial circuit was Genesee county then, and has continued the same since. All of this time until the hearing in circuit court Mr. Demorest personally served as official stenographer for the circuit courts for Genesee county, Michigan.

PA 1851, No 156,* granted and defined in general the powers of the boards of supervisors of counties in Michigan. PA 1943, No 249, granted power to boards of supervisors of the several counties to purchase or participate in the cost of group-retirement annuities for the employees of their respective counties and of the several offices, boards and departments thereof, without expressly defining in detail who were to be considered as county employees. PA 1945, No 68, amended said PA 1943, No 249, and

---

* See CL 1948 and CLS 1952, § 46.1 *et seq.*, as amended (Stat Ann and Stat Ann 1953 and Stat Ann 1955 Cum Supp § 5.321 *et seq.*).
—Reporter.

in the amended section, § 12a,* inserted the following among other things:

"Or to adopt and establish a plan whereby their respective counties shall pay retirement benefits or pensions to the county employees of their respective counties and of the several offices, boards and departments thereof, including the board of county road commissioners, who have been so employed for not less than 25 years, or who have attained the age of 60 years and have been so employed for not less than 8 years." (This was later changed to "5 years." See PA 1949, No 201.)

Said PA 1945, No 68, also inserted the following, which is further amendatory to said section 12a, as follows:

"The term 'county employee,' when used in this section is hereby defined to include all persons who receive more than 50% of all compensation for personal services, rendered to governmental units, from county funds or county road funds, except persons engaged for special services on a contract or fee basis. All persons included within the definition of 'county employee' shall be deemed to be employed by said county for the purposes of this section."

Said PA 1945, No 68, was given immediate effect and was approved April 6, 1945.

On December 20, 1945, the board of supervisors of Genesee county adopted a county employees' retirement ordinance effective January 1, 1946 (also specifying in section 16 [a] that eligible persons became members December 31, 1945). Section 2 of the supervisors' ordinance among other things contained the following definitions:

"(c). 'Member' shall mean any person included in the membership of the retirement system."

---

* The 1947 amendments did not affect the portions here quoted. See CL 1948, § 46.12a (Stat Ann 1945 Cum Supp § 5.333 [1]).—RE-PORTER.

"(g). 'Prior service' shall mean all service rendered as an employee of the county prior to the effective date of the retirement system."

"(t). 'Employee'. shall mean any person who receives 50% or more of all compensation for personal services, rendered to governmental units, from the funds of Genesee county or of the several offices, boards and departments thereof, including the board of. county road commissioners."

The ordinance adopted by the board of supervisors further contained the following in section 21:

"Subject to provisions · of the retirement system and to such other rules and regulations as the retirement commission may adopt, the retirement commission shall credit each member's service account with the number of years and months of *prior service and membership service* to which the member may be entitled." (Italics supplied.)

During the proceedings before the trial court, the following occurred:

*"Mr. Neithercut* [attorney for plaintiff]: They admit he comes under the county pension system now, as of the date of the adoption, on January 1, 1946, according to that letter [referring to letter of Galliver to Mr. Neithercut, July 11, 1949], but they deny any prior service—credit for prior service.
\* \* \*

*"Mr. David* [attorney for defendant]: It is the contention of the board, your honor, that Mr. Demorest is entitled to prior service credit only to the effective date of an act passed in 1945, which would be April 6, 1945."

The issue before the trial court seems to have been limited to an attack by plaintiff on the finding by the defendant,

"2. He (Harry Demorest) cannot be given credit for service prior to April 6, 1945, and consequently will not have 10 years of service credit until April 6, 1955."

The question for us to decide is of dual aspect:

(1) Did the act of 1945 grant to the board of supervisors of Genesee county the right and authority to adopt a retirement ordinance including allowance based on "prior service" to one not considered an employee under the act of 1943?

(2) Did the ordinance adopted by the board of supervisors have the effect of granting to plaintiff a membership in the retirement system with credit for service prior to the effective date of the act of 1945?

While the acts of the legislature in many instances are considered to speak as of the effective date of the act, still we consider that the words, "have been so employed for not less than 25 years," et cetera, do not relate solely to the date, April 6, 1945. They are meant to be considered as though not only in the present perfect tense but are intended to apply as of the date of the completion of the required years of service. The past tense and future tense are included with the present perfect tense, in the phrase, "have been so employed," by reasonable implication.

Plaintiff performed the same kind of work and for the same employer before April 6, 1945, as he did after that date and was compensated therefor in the same manner by the county of Genesee. Section 51 of the ordinance set the effective date of the retirement system as January 1, 1946, on which date and also the preceding day, plaintiff was, by the terms of the ordinance, a member of the retirement system.

It is to be noted that the same act (of 1945) which changed the definition of "member" so that it had the effect of clearly including plaintiff as an em-

ployee of the county, is also the same act which contained the words "who have been so employed" and "have been so employed," which we construe to include prior service; so that the act of 1945 is to be considered as giving the supervisors authority to give prior service credit to all persons who were recognized by that act of 1945 as proper to be made members, and who had completed the requisite prior service. The words "who have been so employed" must be given the same construction in the act of 1945 as in the act of 1943.

Defendant argues in its brief that the plaintiff was a contractor, not employee, because he was paid in one lump sum for his own services and for 3 assistants who assisted him in doing the stenographic work for the circuit courts of Genesee county, during a part, at least, of his claimed prior service. This question we decide in favor of plaintiff. Plaintiff was an officer duly appointed under the law, was paid for his services by the county, and clearly comes within the definition of a county employee contained in the act of 1945. The *defendant so found* and so announced. The provisions in the retirement ordinance quoted from section 2 (g) and from section 21 concerning prior service and membership service clearly indicate the construction contended for by plaintiff.

We conclude that plaintiff was a member of the retirement system from and after December 31, 1945, and that he is entitled to the prior service credit claimed by him. The judgment of the circuit court determined the decision of the defendant commission erroneous. The judgment of the trial court is affirmed. No costs, a question of public importance being involved.

CARR, C. J., and BUTZEL, SMITH, SHARPE, BOYLES, DETHMERS, and KELLY, JJ., concurred.